IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

vs.

Case No. 4:90cr4043-WS
Case No. 4:05cv370-WS/WCS

ANTHONY PARKER,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON § 2255 AND RULE 60(b) MOTIONS**

    Defendant filed a 28 U.S.C. § 2255 motion, followed by a Fed.R.Civ.P. 60(b) motion. Docs. 253 and 254. As noted by prior order, the file had been sent to federal archives and older documents were not available for electronic viewing. Doc. 255. After a number of requests beginning November 1, 2005, the file was finally received from federal archives on March 6, 2006.

**Prior Relevant History**

Defendant, represented by counsel, previously filed a 28 U.S.C. § 2255 motion and supporting memorandum.  Docs. 180 and 181.[1]  The Government filed a response and Defendant filed a reply.  Docs. 185 and 188.  Defendant filed a motion to supplement, and the Government filed a response in opposition.  Docs. 200 and 201.

By report and recommendation entered on the docket on February 18, 1999, the undersigned recommended that the § 2255 motion and the motion to supplement be denied.  Doc. 206.  Defendant filed objections.  Doc. 208.  The recommendation was adopted and the motions denied by order of the district judge entered on the docket on March 19, 1999.  Doc. 213.  A certificate of appealability was denied for appeal by this court and the court of appeals.  Docs. 214 and 251.[2]

**Legal Analysis**

In the current § 2255 motion, Defendant raises a claim under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  Doc. 253, also citing, *inter alia*, Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

---

[1] This court obtained the file from archives to confirm that this was indeed filed as a § 2255 motion, rather than so characterized by the court, a not uncommon practice at the time.  *See* Castro v. United States, 540 U.S. 375, 382-383, 124 S.Ct. 786, 792, 157 L.Ed.2d 778 (2003) (if court does not warn litigant of intent to recharacterize and its consequences, a motion recharacterized as a first § 2255 motion will not count for purposes of applying "second or successive" provision).

[2] Defendant had filed a notice of appeal both before and after adoption of the report and recommendation.  Docs. 209 and 223.

Case Nos. 4:90cr4043-WS and 4:05cv370-WS/WCS

Given the prior § 2255 proceedings, Defendant must obtain authorization from the Eleventh Circuit before filing a second or successive § 2255 motion.  § 2255 (referencing § 2244); § 2255 Rule 9 ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").  Defendant has not obtained authorization for filing his motion.

Indeed, after the § 2255 motion was filed in this court, the Eleventh Circuit *denied* authorization for filing a second or successive motion raising a claim under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because Booker has not been made retroactive on collateral review by the Supreme Court.  Doc. 256, *citing* In re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005).  *See also* Varela v. United States, 400 F.3d 864, 867 (11th Cir.), *cert. denied*, __ U.S. __, 126 S.Ct. 312 (2005).[3]  The § 2255 motion should therefore be summarily dismissed as an unauthorized second or successive motion.

---

[3] Anderson held that the Supreme Court has not made Booker retroactive on collateral review for purposes of authorizing a second or successive § 2255 motion; Varela held that, pursuant to Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), Booker does not apply retroactively even in the context of an initial § 2255 motion.  Defendant's argument that Booker applies retroactively, doc. 253, pp. 17-33, is therefore foreclosed by binding precedent.  Defendant's argument that Booker may apply retroactively as a clarifying amendment to the Sentencing Guidelines, doc. 253, pp. 29-32, is also rejected.  "*Booker* is a Supreme Court decision, not a retroactively applicable guideline amendment by the Sentencing Commission."  United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005) (concluding that Booker is inapplicable to 18 U.S.C. § 3582(c)(2) motions).

Case Nos. 4:90cr4043-WS and 4:05cv370-WS/WCS

In Defendant's Rule 60(b) motion, he asks that the prior judgment[4] be vacated in light of Apprendi and related cases. Doc. 254, p. 1. He cites Gonzalez v. Crosby, 545 U.S. __, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005), and claims that he "is not attempting to relitigate the merits of his claim, only the legal basis upon which it was dismissed." *Id.*, p. 2. As explained in Gonzalez, a Rule 60(b) motion containing one or more "claims" for relief, *i.e.*, "an asserted federal basis for relief from a . . . judgment of conviction," is essentially a successive motion. 125 S.Ct. at 2647 (citations omitted).

> A motion can also be said to bring a "claim" if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.

*Id.*, at 2648 (footnote omitted, emphasis by the Court).

Defendant does not identify the portion of the previous decision at issue, but all of Defendant's initial § 2255 claims were rejected on the merits. Doc. 206, pp. 4-16. The claim raised by motion to supplement, *even if* timely under the one year limitations period of § 2255, was found to be meritless, so amendment would be futile. *Id.*, pp. 16-17. This is in contrast to the situation in Gonzalez, where a the Rule 60(b) motion challenged *only* the prior ruling on the statute of limitations, and so was not the equivalent of a second or successive petition. 125 S.Ct. at 2650.

---

[4] Presumably Defendant's reference to the "prior judgment" is to that following the § 2255 proceeding rather than the judgment of conviction. "Rule 60(b) simply does not provide for relief from judgment in a criminal case." United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998); United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (quoting Mosavi).

While Defendant asserts he is challenging the legal basis for dismissal and not attempting to relitigate the merits, he asserts a change in the substantive law as applied in his § 2255 proceeding.  The Rule 60(b) motion is essentially an unauthorized second or successive § 2255 motion, and as such should be summarily dismissed. [5]

Defendant asks that, if his Rule 60(b) motion is construed as a second or successive pleading, then it be referred for filing in the court of appeals effective on the date he initially mailed it.  Doc. 254, pp. 2-3.  This request should be denied, as the Eleventh Circuit has already denied authorization for filing, Defendant may take an appeal if he wishes to do so, and his successive § 2255 motion would be untimely anyway.[6]  *Cf*. Guenther v. Holt, 173 F.3d 1328, 1330-31 (11th Cir. 1999), *cert. denied,*

---

[5] The Castro limitation on recharacterization of pleadings, noted *supra*, n. 1, "does not extend beyond initial filings, and nothing the Supreme Court said or did in that case implies that the § 2244(b) restrictions can be evaded by the simple expedient of labeling second or successive filings to be something they are not."  Gonzalez v. Secretary for Dept. Of Corrections, 366 F.3d 1253, 1277, n. 10 (11th Cir. 2004) (en banc), *affirmed on other grounds* Gonzalez v. Crosby, 545 U.S. __, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); *see also* Jackson v. Crosby, __ F.3d __, 2006 WL 237143 (11th Cir. February 2, 2006) at *3 and *5, n. 6 (noting that the Supreme Court did not disturb the full en banc decision in Gonzalez).

[6] Section 2255 recognizes a number of commencement dates for the one year period.  "In most cases, the operative date from which the limitation period is measured will be the one identified in ¶ 6(1): 'the date on which the judgment of conviction becomes final.'"  Dodd v. United States, 545 U.S. __, 125 S.Ct. 2478, 2481, 160 L.Ed.2d 621 (2005).  125 S.Ct. at 2481 (quoting § 2255, other citation omitted).  Defendant's conviction was affirmed in 1992.  Doc. 145.  The one year can also commence from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  § 2255, ¶ 6(3); 125 S.Ct. at 2481.  But this does not help Defendant, who "may take advantage of the date in the first clause of ¶ 6(3) only if the conditions in the second clause are met."  125 S.Ct. at 2482.  The rights recognized in Apprendi, Blakely, and Booker have not been made retroactive on collateral review.

Case Nos. 4:90cr4043-WS and 4:05cv370-WS/WCS

528 U.S. 1085 (2000) (not deciding "whether such a stay or a [28 U.S.C.] § 1631 transfer would be viable as an abstract matter, nor need we decide the relation back issue," as transfer was not necessary in the interest of justice where petition was indisputably time-barred) (footnote omitted).

It is therefore respectfully **RECOMMENDED** that Defendant's § 2255 motion (doc. 253) and his Rule 60(b) motion (doc. 254) both be **SUMMARILY DISMISSED** as authorization for filing a second or successive § 2255 motion has not been granted by the court of appeals.

**IN CHAMBERS** at Tallahassee, Florida, on March 14, 2006.

        s/    William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case Nos. 4:90cr4043-WS and 4:05cv370-WS/WCS